**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MICHAEL and KAMIEE SMITH,                )<br>                                                            )<br>        Plaintiffs,                              )<br>                                                            )<br>v.                                                      )<br>                                                            )<br>STATE FARM FIRE AND CASUALTY    )<br>COMPANY,                                      )<br>                                                            )<br>        Defendant.                             ) | Case No. 25-cv-00529-SH |

## <u>OPINION AND ORDER</u>

Before the Court is Plaintiffs' motion to strike or declare invalid Defendant's offer of judgment.  Alternatively, Plaintiffs seek an extension of time to respond to the offer. The Court finds it is undisputed that there exists <u>a</u> valid offer of judgment and that it is inappropriate to render an advisory opinion as to the potential effects of that offer based on events that have not yet occurred.  The Court, therefore, will not strike the offer.  The Court will, however, grant an extension of time for Plaintiffs to respond to the offer.

### *Background*

Plaintiffs initially filed this case in Oklahoma state court.  (Dkt. No. 2-2.)  In their petition, Plaintiffs allege they insured their under-construction home with State Farm. (*Id.* ¶ 12.)  On August 21, 2024, the home was destroyed by fire.  (*Id.* ¶¶ 20.)  State Farm estimated Plaintiffs' dwelling loss to be $456,186.75, later amending this valuation to $480,393.51 and, finally, to $494,582.68.  (*Id.* ¶¶ 24, 34, 39.)  Plaintiffs disputed this figure and ultimately lodged a complaint with the Oklahoma Insurance Commissioner. (*Id.* ¶ 52.)  Plaintiffs sue for breach of contract and breach of the duty of good faith and fair dealing.  (*Id.* ¶¶ 59–70.)

On October 2, 2025, State Farm removed this action to federal court. (Dkt. No. 2.) On May 11, 2026, State Farm tendered an offer of judgment in the amount of $17,500.00, exclusive of attorney fees and costs. (Dkt. No. 26 at 1 n. 1; Dkt. No. 26-1.) The offer states it is in "accordance with the procedures set forth in Fed. R. Civ. P. 68 and 12 O.S. § 1101.1(B) and 36 O.S. § 3629(B)." (Dkt. No. 26-1.) Plaintiffs now move to strike or declare this offer invalid, arguing it violates Okla. Stat. tit. 12, § 1101.1(B), because it does not apportion the offer between each Plaintiff. (Dkt. No. 26 at 4–6.) If the offer is not stricken, Plaintiffs ask for an additional seven days to respond. (*Id.* at 6.)

### *Analysis*

**I.    The Court Will Not Strike an Offer All Parties Concede Was Valid under Rule 68**

The parties disagree as to whether Oklahoma's substantive law would result in the shifting of attorney fees where, as here, State Farm has made an unapportioned offer of judgment under Okla. Stat. tit. 12, § 1101.1(B).

But at this point in the case, State Farm also has the ability to make an offer of judgment under Rule 68, itself, which could potentially result in a shifting of costs—not attorney fees—at the end of the litigation. *See Scottsdale Ins. Co. v. Tolliver*, 636 F.3d 1273, 1281 (10th Cir. 2011) (noting it was proper for a defendant to make a Rule 68 offer when the outcome of trial was unknown, even while also making a section 1101.1 offer). Plaintiffs do not argue that the current offer violates Rule 68 or that it will not allow an award of costs if the terms of Rule 68(d) are met.

Instead, Plaintiffs are asking the Court for an advisory opinion as to whether the offer will also allow a recovery of attorney fees under Oklahoma law, if State Farm ultimately prevails or if Plaintiffs obtain a judgment that is less than the offer. The Court

finds it is not appropriate to provide such advice.  There is no basis to strike an offer Plaintiffs concede is a valid offer.

## II.    The Court Will Grant a Brief Extension of Time

Having declined to strike the offer, the Court must now decide whether Plaintiffs should be allowed an extension of time to respond to the offer.  State Farm argues that no extension can be given, as the offer has already expired.  (Dkt. No. 28 at 8–9.)  The Court disagrees.

All parties accept that the Court is currently operating under the procedures of Fed. R. Civ. P. 68.  (Dkt. No. 28 at 17; Dkt. No. 31 at 4.)  Rule 6 specifically provides that the Court generally may—for good cause—extend the time of an unexpired deadline provided by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 6(a), (b)(1)(A).  Rule 6 specifically excepts certain rules from such an extension, but Rule 68 is not one of excepted rules.  *See* Fed. R. Civ. P. 6(b)(2) (listing Rules 50(b), (d); 52(b); 59(b), (d)–(e); and 60(b)).  So, while an "offer of judgment is considered withdrawn if not accepted within 14 days, . . . a court may grant an extension for good cause."  *Almeida v. BOKF*, No. 17-CV-126-JED-CDL, 2020 WL 7405792, at *2 (N.D. Okla. Dec. 17, 2020) (citation modified); *see also Minner v. Off. Depot, Inc.*, 336 F.R.D. 213, 216–17 (D. Colo. 2020) (collecting cases and finding a Rule 68 offer may be extended under Rule 6).

Here, the Court finds good cause for granting Plaintiffs an extension of time to respond to State Farm's offer.  As noted above, State Farm served the offer on May 11, 2026.  Plaintiffs had 14 days to accept this offer.  *See* Fed. R. Civ. P. 68(a).  Ten days into this 14-day period, Plaintiffs filed their motion seeking to strike the offer or, alternatively,

extend their response.[1]  While the Court has rejected Plaintiffs' motion to strike the offer, the motion was based on a serious question regarding the continued viability of the reasoning in *Bryant v. Sagamore Ins. Co.*, 615 F. App'x 917, 923–24 (10th Cir. 2015),[2] after the ruling in *Lunn v. Continental Motors, Inc.*, 2025 OK 29, ¶ 22, 568 P.3d 589, 594.[3]  Furthermore, discovery remains ongoing, and there are no impending dispositive motions that could determine the merits of Plaintiffs' claims.  "This is not a case where the plaintiffs seek to keep the offers open so they can see which way the merits-winds are blowing."  *Almeida*, 2020 WL 7405792, at *3.  The Court will therefore grant Plaintiffs an additional four days to respond to State Farm's Offer.

### *Conclusion*

IT IS THEREFORE ORDERED that *Plaintiffs' Motion to Strike or Declare Invalid Defendant's May 7, 2026 Offer to Confess Judgment* (Dkt. No. 26) is GRANTED IN PART and DENIED IN PART.  The Court partially grants the request to extend Plaintiffs' time to respond to the offer.  Plaintiffs have until July 6, 2026, to respond to State Farm's offer of judgment (Dkt. No. 26-1).  Plaintiffs' motion is denied in all other respects.

ORDERED this 2nd day of July, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[1] Due to the Memorial Day holiday, Plaintiff's deadline to respond to the offer was extended to May 25, 2026.  *See* Fed. R. Civ. P. 6(a)(1)(C), 6(A).

[2] "In summary, we predict that the Oklahoma Supreme Court would not rule unapportioned offers to multiple plaintiffs are per se invalid as a matter of law under § 1101.1(B)."

[3] "We hold that an offer of judgment under § 1101.1(A) is valid only when it is apportioned among the plaintiffs in a lawsuit."